HERMAN VEEDER, RESPONDENT, *v.* WILLIAM MUDGETT AND OTHERS, APPELLANTS.

*Costs — fees of the county treasurer for receiving and paying out money cannot be taxed as — allowances to creditors proving claims against an insolvent corporation must be determined by the court — the cost of printing papers, not required to be printed by the rules of the court, cannot be taxed as a disbursement.*

In an action brought by a creditor of a manufacturing corporation to compel the stockholders thereof to pay the debts of the company, a judgment was entered in favor of the plaintiff. It directed that he should recover the costs of the action; and that certain of the defendants should pay specific sums of money to the county treasurer; and that the latter should, from the amounts so paid into court, after paying his fees, pay the costs of the action as allowed and taxed, and divide the residue of the fund among the creditors.

*Held,* that the fees of the county treasurer for receiving and paying out the money could not be considered as a disbursement and be included and taxed as such in the plaintiff's bill of costs, but should be paid from and charged upon the general fund received by him.

The judgment provided that each of the creditors whose claim was allowed by it should recover the costs of proving his claim.

*Held,* that the amount of the costs to be allowed to each creditor could only be determined by the court, and that it was error to tax them as motion fees at ten dollars to each.

That the cost of printing copies of the referee's opinion and of the judgment could only be taxed by virtue of a written agreement signed by the attorneys for all the parties.

FOURTEEN separate appeals from an order made at Special Term, affirming the taxation of the costs of the plaintiff and certain other parties under the judgment entered in this action.

This action was brought by Herman Veeder, for himself and all other creditors similarly situated, to compel the stockholders of the Rochester Iron Manufacturing Company to pay the debts of said company under the provisions of sections 10, 11 and 24 of chapter 40, Laws of 1848. The case was tried before a referee. An interlocutory judgment was entered December 7, 1880, establishing the stockholders' liability, and fixing June 28, 1881, as the date for the creditors to appear and prove their claims and come in as parties to the action, and directing the publication of a notice accordingly. The respondent creditors above referred to came in under the said notice, and their claims were established by the final judgment which was entered herein May 3, 1882. The interlocutory judgment directed the moneys to be paid into court to the county treasurer of Clinton county for distribution to the creditors; and directed him to pay therefrom the costs of the action to the plaintiff's attorney, and such other and further costs and expenses as the court might allow and direct. The final judgment allowed costs to the plaintiff, and the creditors whose claims were established, out of the fund to be paid to said county treasurer, and adjudged that the costs, as taxed, and the sums due to creditors be paid to the county treasurer; and directed the treasurer's fees to be paid from the moneys so received.

The costs as taxed, and included in the judgment, included the fee of one per cent to the treasurer for receiving and disbursing the fund, and included also the expense of printing papers, which plaintiff claimed to have been requested by the defendants and the referee to have printed; and ten dollars and taxable disbursements were allowed to each creditor establishing a claim.

The appellants objected to the items of the treasurer's fees, printing expenses and creditors' costs, and moved for a retaxation and disallowance of these items. From the order denying the motion this appeal was taken.

*Satterlee & Yeoman,* for the appellants.

*Edward C. James,* for the respondent.

BY THE COURT:

The appellants urge that the language used in a part of the judgment shows, of itself, that the treasurer's fees cannot properly be a part of the taxable costs. This part of the judgment directs the county treasurer, after paying his fees allowed by law, to pay the costs of the action, as taxed, to the attorneys. Therefore, the appellants say that the treasurer's fees ought not to be a part of these costs, because, if these fees shall be included in the bills of costs, then the treasurer, after paying to himself his fees, will be required to pay the whole bill of costs to the attorneys, which bill will include these very fees; so that the attorneys will collect the amount of these fees in their bill of costs, and the treasurer will pay himself the fees out of the money going to the plaintiff and other creditors.

This, undoubtedly, is the *strict* meaning of the judgment. If it is the *fair* meaning, even then the defendants are not the worse off, if, in justice, they are chargeable with the fees. But if these fees can properly be collected, then, undoubtedly, the judgment must be understood to mean that, after payment to himself of these fees, the county treasurer is to pay the plaintiff's attorney the bill of costs, deducting therefrom the fees, which he will have paid to himself.

Passing, then, the matter of the language of the judgment, the true question must be whether, in such a case as this, the fees of the county treasurer can be included in the costs and disbursement. Plainly they cannot be included in the recovery, other than the costs and disbursements.

Section 1795 of the Code of Civil Procedure declares that the moneys for which the defendants are liable must be paid into court; that is, unless otherwise directed, to the county treasurer. Section 745 and section 3321 give him certain fees for receiving and paying out money paid into court. Now, it is claimed by the plaintiff that these fees are legal fees of officers, and hence are to be included in the bill of costs as disbursements, under section 3256.

If we examine this last section we shall see that it begins by stating that a party is entitled to include his necessary disbursements. Now the word disbursements means money which has been expended by the party, or, at least, money which he has or may

become liable to pay. The section first mentions moneys which he has paid, or become liable to pay, before the judgment and taxation of costs, such as fees of witnesses, of referees and other officers, and other similar expenses.

Then the section mentions prospective charges, and specifies particularly what these are. And all of these are such as the plaintiff would be liable to disburse, whether he collected anything on the judgment or not.

It will be seen, then, that the general words, "legal fees of other officers," are only used in speaking of disbursements made, or incurred, before judgment; while as to prospective charges the fees of officers which may be taxed are particularly specified, and do not include those of the county treasurer in this case. So, too, it will be seen that there is nothing mentioned in the section which is not, or will not be, an actual disbursement; that is, an actual payment of money by the successful party. Now the county treasurer's fees are not, and will not be, an actual disbursement. They are only a deduction from money collected. If nothing should be collected, there would be no fees. If less than the whole should be collected, the fees would be less than have been taxed. Yet the plaintiff has a judgment for the costs, including $1,318, county treasurer's fees, when no such fees may ever be earned.

The plaintiff urges that these creditors ought to have their full recovery, not diminished by these fees. On the other hand, the defendants might say that they ought only to pay their just debt, not increased by these fees. The creditors might, in like manner, say that they should have their whole claim, not diminished by their counsel's charges.

It not unfrequently happens that, in a litigation, the share of the recovery belonging to an infant is by the judgment to be paid into court. In such case the county treasurer's fees, on receiving and paying such share, are paid from the share. It never was claimed that such fees should be added to the recovery or costs, and be collected out of the adverse party.

So in the present case there is no reason, either from the language of the Code, or from the justice of the case, that these defendants should be charged with these county treasurer's fees, either as disbursements or otherwise.

*Second.* There are charged four items for printing, viz., for printing the referee's report and his opinion, the interlocutory judgment and the final judgment. These are defended on the ground that some of the defendants' attorneys requested that the papers in the action should be printed, and the expenses included in the disbursements; and also that the referee directed it.

The verbal request of some of the defendants' attorneys cannot have any weight. (Rule 11.)

The expense of printing papers is taxable only when required by a rule of court. (Sec. 3256, Code of Civ. Pro.) Such a rule exists as to papers for argument at General Term. The referee's direction is not a rule of court; and these printing expenses are not taxable.

In addition to the costs of the plaintiff, the judgment declared that each of the creditors whose claim is allowed should recover the costs of proving his claim. Those costs were taxed at ten dollars and disbursements for each creditor. It would seem that the ten dollars were taxed as costs on a motion. The amount must be fixed by the court or judge. (Code of Civ. Pro., § 3251, sub. 3, paragraph 9; § 3236.) We do not see that there was any proceeding which could be called a motion; or, if so, that there has been any fixing of the amount on such motion by any court, judge or even referee.

We think that the order appealed from should be reversed as to the matters appealed from, viz., the item of $1,398, treasurer's fees; the item of $191.25 for printing; and the items amounting to $130, costs of claimants, with ten dollars costs of printing disbursement, and the motion to disallow those items granted, with ten dollars costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order denying motion for retaxation of costs reversed as to the parts appealed from, with ten dollars costs and printing disbursements, and motion granted, with ten dollars costs.